# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ALAN FLONNES,

    Plaintiff,

v.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD,

    Defendant.

Case No. 2:12-CV-01065-KJD-CWH

**ORDER**

Before the Court is Defendant Hartford's Motion to Dismiss extra-contractual claims (#4). Plaintiff filed a Response and Countermotion to Amend (## 7,9) and Defendant filed a Reply (#10) and Response to the Countermotion (#11).

I. Background

Plaintiff was insured under an automobile policy issued by Hartford. The policy contained, among other provisions, an underinsured motorist benefit ("UIM"). On January 17, 2009, Plaintiff was involved in an automobile accident. Plaintiff's claims against the other driver involved in the accident exceeded the other driver's insurance coverage and so Plaintiff made claim under his UIM policy. Plaintiff alleges that Hartford failed to fairly and properly evaluate the claim and to make a timely and reasonable settlement offer.

Defendant moves to dismiss Plaintiff's extra-contractual claims for unfair trade practices and bad faith. Plaintiff moves for leave to file a proposed amended complaint.

II. Discussion

    A. Legal Standard

        1. Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks

1  omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible,
2  the complaint must be dismissed.  <u>Twombly</u>, 550 U.S. at 570.
3            2.  <u>Motion for Leave to Amend</u>
4       Fed. R. Civ. P. 15(a)(s) provides that parties may seek leave to amend and that such leave
5  should be "freely given."  Whether an amendment to a pleading should be permitted is ordinarily a
6  matter within the discretion of the trial court. <u>Caddy–Imler Creations, Inc. v. Caddy</u>, 299 F.2d 79, 84
7  (9th Cir.1962). However, leave to amend is not absolute. <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385,
8  1387 (9th Cir.1990).  The court may deny leave to amend where amendment would be futile. <u>Nunes
9  v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir.2004).
10         B. <u>Unfair Claims Practices Act</u>
11      NRS 686A.310 *et seq.* designates certain insurance company activities to be unfair practices
12 and by implication permits a private right of action by an insured against an insurer for violation of
13 the statute. See <u>Hart v. Prudential Property and Casualty Ins. Co.</u>, 848 F.Supp. 900, 903
14 (D.Nev.1994).
15      Defendant argues that Plaintiff's complaint fails to state a claim because it only conclusorily
16 alleges violations of NRS 686A.310 generally.  Plaintiff fails to allege any specific sections of NRS
17 686A.310 that were violated or specific facts showing a violation.  Accordingly, dismissal of this
18 claim is warranted.
19      Plaintiff seeks leave to amend this claim by specifying its allegation that Defendant violated
20 subsections (1)(e) and (n) of NRS 686A.310.  Because Plaintiff's proposed amendment adds no facts
21 to support these alleges violations, it fails to state a claim and amendment is futile.
22         C.  <u>Breach of the Covenant of Good Faith and Fair Dealing</u>
23      Generally, refusing to compensate for a loss covered by the insurance contract is a factual
24 allegation for breach of contract, not breach of covenant of good faith and fair dealing.  See, <u>Pioneer
25 Chlor Alkali Co. v. Nat'l Fire Ins. Co.</u>, 863 F.Supp 1237, 1242 (D.Nev. 1994) (noting that "the
26 insurer is not liable for [tortious] bad faith for being incorrect about policy coverage as long as the

insurer had a reasonable basis to take the position that it did"). Refusal to compensate a loss "without proper cause" is a breach of the covenant of good faith and fair dealing only where a plaintiff establishes that "the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." <u>Powers v. United Servs. Auto. Ass'n</u>, 962 P.2d 596, 603 (Nev.1998).

     Plaintiff's complaint alleges that Defendant did not fairly and properly evaluate the claim and failed to pay benefits that Plaintiff believes he is due. All other allegations related to bad faith are conclusory. Accordingly, the bad faith claim fails.

     Plaintiff's proposed amendment only adds an allegation that Defendant failed to provide Plaintiff with a basis for denying his claim. This is insufficient to show that Hartford had knew or recklessly disregarded that it had no reasonable basis for denying the claim. Accordingly, the proposed amendment is futile and leave to amend is denied.

<u>III. Conclusion</u>

     **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's extra-contractual claims for unfair trade practices and bad faith (#4) is **GRANTED**.

     **IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend (#9) is **DENIED.**

     **IT IS FURTHER ORDERED** that Plaintiff's non-contractual claims are **DISMISSED** with prejudice .

     DATED this 10th day of October 2012.

_____
Kent J. Dawson
United States District Judge