1
2
3
4                    **UNITED STATES DISTRICT COURT**
5                           **DISTRICT OF NEVADA**
6
7   ALAN FLONNES,                              )
                                               )
8              Plaintiff,                      )   Case No. 2:12-cv-01065-KJD-CWH
                                               )
9   vs.                                        )   **ORDER**
                                               )
10  PROPERTY & CASUALTY INSURANCE              )
    COMPANY OF HARTFORD, *et al.*,             )
11                                             )
               Defendants.                     )
12  _____     )

13      This matter is before the Court on Defendant's request that its Motion to Exclude Proposed
14  Expert Testimony (#25), filed on March 28, 2013, be heard on an emergency basis. This matter is
15  also before the Court on Plaintiff's request that his Motion to Compel (#28), filed on April 2, 2013,
16  be heard on an emergency basis.
17      After reviewing the requests, the Court finds that expedited consideration is not necessary
18  as the requests failed to comply with Local Rule ("LR") 7-5. LR 7-5 specifies that requests for
19  judicial assistance in resolving an emergency dispute shall be accompanied by an affidavit setting
20  forth "a detailed description of the emergency." Additionally, LR 7-5 provides, "It shall be within
21  the sole discretion of the Court to determine whether any such matter is, in fact, an emergency."
22      The Court exercises its discretion to find that Motion #25 and Motion #28 should not be
23  heard on an emergency basis and the normal briefing schedule will apply. Discovery does not close
24  in this action until May 20, 2013 and the rebuttal expert designations deadline is set for April 22,
25  2013. Additionally, Theodore Parker's Affidavit in Support of Motion to Compel #28 indicates
26  that the emergency request is based on depositions scheduled for the first week in April. #28, 7.
27  However, no names or dates of the depositions were provided nor was there any indication that the
28  parties met and conferred to attempt to reschedule the depositions. This is insufficient information
    for the Court to find that the matter should be considered an emergency. Similarly, Darren

Brenner's Affidavit in Support of the Motion to Exclude Proposed Expert Testimony #25 indicates that the emergency is based on prejudice that will occur in retaining an expert and deposing Plaintiff's expert prior to the close of discovery. #26, 2.  However, Plaintiff has not brought a motion to extend the discovery deadlines nor indicated that Defendants would not agree to a stipulation to extend discovery deadlines.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's request that its Motion to Exclude Proposed Expert Testimony (#25) be heard on an emergency basis is **denied**.  Plaintiff's response shall be due on or before April 15, 2013 and Defendant's reply, if any, shall be due on or before April 25, 2013.

**IT IS FURTHER ORDERED** that Plaintiff's request that his Motion to Compel (#28) be heard on an emergency basis is **denied**.  Defendant's response shall be due on or before April 19, 2013 and Plaintiff's reply, if any, shall be due on or before April 29, 2013.

DATED this 3rd day of April, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**