# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ALAN FLONNES, ) | |
| Plaintiff, ) | Case No. 2:12-cv-01065-APG-CWH |
| vs. ) | **ORDER** |
| PROPERTY & CASUALTY INSURANCE ) COMPANY OF HARTFORD, ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion to Limit Proposed Testimony (#29) and Motion to Strike Plaintiff's Expert Witness Disclosure (#30), filed on April 3, 2013. The Court also considered Plaintiff's Response (#47 and #48), filed on April 18, 2013, and Defendant's Reply (#52 and #53), filed on April 29, 2013.

## BACKGROUND

This action arises out of a dispute over Plaintiff's entitlement to underinsured motorist benefits pursuant to his insurance policy issued by Defendant. The Court entered a Discovery Plan and Scheduling Order on December 6, 2012 setting a discovery cutoff deadline of May 20, 2013, expert designations deadline of March 21, 2013, and rebuttal expert deadline of April 22, 2013. *See* Order #16. On the expert designations deadline, Plaintiff disclosed the following as experts: Dr. Bruce Hirschfeld, Dr. Stuart Kaplan, Dr. Andrew Cash, Dr. Louis Mortillaro, Dr. Brian Lemper, Dr. Russell Shah, and Dr. Nianjun (Sally) Tang. On April 18, 2013, the Court extended the discovery cutoff date until thirty days after a decision on the pending Motion to Compel (#28) and rebuttal expert designations deadline until 30 days after the Court decides the Motion to Exclude Proposed Expert Testimony (#25). *See* Order #45.

By way of these motions, Defendant seeks two forms of relief: (1) an order limiting Dr. Hirschfeld's proposed testimony related to Plaintiff's future life care and projected costs and (2) an

order striking Plaintiff's expert disclosures and excluding testimony at trial of Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang. In doing so, Defendant contends that Dr. Hirschfeld's expert report is limited to his medical evaluation of Plaintiff and does not address future life care and projected costs. Additionally, Defendant alleges that Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang should be precluded from testifying and their expert designation be stricken for failure to comply with the disclosure requirements of Rule 26(a)(2)(B-C). Defendant asserts that Plaintiff used boilerplate language in his disclosure of these doctors, which is insufficient to provide information specified in Rule 26.

In response, Plaintiff claims that the Dr. Hirschfeld provided a written report in compliance with Rule 26(a)(2)(B) putting Defendant on notice that he would opine on future care and costs, which may be supplemented because treatment is still ongoing. Plaintiff further asserts that Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang are not subject to the written report requirement of Rule 26(a)(2)(B) and his initial disclosure adequately complied with the summary requirement of Rule 26(a)(2)(C). Moreover, Plaintiff contends that the medical records and treatment reports of these five physicians are sufficient to satisfy whatever expert disclosure requirements Plaintiff may have because the records provide clear notice of the proposed experts opinions and testimony that may be offered at trial.

## DISCUSSION

### I.     Rule 26 Disclosure Requirements

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Generally, the disclosure regarding expert testimony is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. *See* Adv. Comm. Notes to 1993 Amendments. The Federal Rules contemplate two different classes of experts: those retained or specially employed to give expert testimony in a case, and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony. *See Elgas v. Colorado Belle Corp.*, 179 F.R.D. 296, 298 (D. Nev. 1998) (citing *Piper v Harnischfeger Corp.*, 170 F.R.D. 173,

174 (D. Nev. 1997)).  For experts "retained or specifically employed to provide expert testimony" the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed R. Civ. P. 26(a)(2)(B).

Expert reports eliminate unfair surprise and conserve resources.  *Elgas*, 179 F.R.D. at 299 (citation omitted).  The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [] avoided, and costs are reduced."  *Id*.  As the Advisory Committee Notes state: "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony.  A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written order."  *See* Adv. Comm. Notes to 1993 Amendments.

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered.  To resolve this tension, the Federal Rules were amended in 2010 to add Rule 26(a)(2)(C), which requires certain disclosures regarding an expert witness who is not required to provide a written report.  Specifically, "if the witness is not required to provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify."  *See* Fed. R. Civ. P. 26(a)(2)(C).  These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions."  *See* Adv. Comm. Notes to 2010 Amendments.  The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts

3

"must take care against requiring undue detail." *Id*. Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

### A. Rule 26(a)(2)(C) Treating Physician Disclosure

Generally, a treating physician is not retained or specially employed to provide expert testimony as he or she is a percipient witness of the treatment rendered. However, in *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when a treating physician must prepare a Rule 26(a)(2)(B) report. *Goodman* confirms that a treating physician is not required to make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the course of treatment and limited to the scope of treatment rendered. 644 F.3d at 826.

This does not end the Court's inquiry as Rule 26(a)(2) requires a specific disclosure of information by experts not required to provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C). Specifically, as indicated above, when identifying experts who are not retained or specially employed, such as treating physicians, a party must state the "subject matter" on which the witness is expected to testify and "a summary of the facts and opinions" to which the witness is expected to testify. *See* Fed. R. Civ. P. 26(a)(2)(C).

Both the Rule 26(a)(2)(B) written report and the Rule 26(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." *Brown v. Providence Medical Center*, 2011 WL 4498824 *1 (D. Neb.). Rule 26(a)(2)(C) requires the timely disclosure of a "summary of the facts and opinions" to which a proposed witness will testify. In interpreting Rule 26(a)(2)(C), a District Court in Virginia found, that whatever its precise meaning, "a 'summary' is ordinarily understood to be an 'abstract, abridgement, or compendium . . . . [i]t follows that Plaintiffs cannot comply with the rule by disclosing the complete records of the treating physicians in issue." *Kristensen ex rel. Kristensen,* 2011 WL 5320686 *2 (W.D. Va.). The Court agrees that the production or disclosure of medical records, standing alone, is not sufficient to satisfy the requirements of Rule 26(a)(2)(C). While medical records undoubtedly touch on the subject matter

4

of a treating physician's testimony, they do not necessarily provide an accurate or complete summary of expected testimony since medical records are not typically created in anticipation that those records would be used as a witness disclosure.

### B.     Rule 26(e) Supplementation

Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect or if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Rule 26(e) creates a duty to supplement, not a right. *See Luke v. Family Care and Urgent Medical Clinics*, 323 Fed. Appx. 496, 500 (9th Cir. 2009) (holding district court did not abuse its discretion in excluding untimely expert declarations). Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed. *Id.* Indeed, supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.* (citing *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (finding second disclosure so substantially different from first that it could not qualify as a correction of an incomplete or inaccurate expert report)).

Consequently, expert disclosures must be supplemented when a party "learns that in some material respect the information disclosed is incomplete or incorrect" but only "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The supplementation requirement of Rule 26(e)(1) is not intended to permit parties to add new opinions to an expert report based on evidence that was available to them at the time the initial expert report was due. *See Toomey v. Nextel Communications, Inc.*, 2004 WL 5512967, *4 (N.D. Cal.); *see also Salgado v. General Motors Corp.*, 150 F.3d 735, 743 (7th Cir. 1998). Indeed, the Ninth Circuit has recently emphasized that the expert disclosure deadline must be taken seriously. *Wong v. Regents of the University of California*, 379 F.3d 1097, 1103-1105 (9th Cir. 2004) (affirming exclusion of untimely disclosed expert under Rule 37(c)(1) and finding no substantial justification or harmlessness).

5

### **1.** **Dr. Hirschfeld**

Defendant contends that Dr. Hirshfeld should be limited to testifying to the matters contained in his expert report and within his expertise. Specifically, Defendant alleges that because his expert report does not address Plaintiff's future life care and projected costs, Dr. Hirschfeld should be barred from testifying on those topics. Further, Defendant argues that supplementation is inappropriate because these are new topics not previously disclosed. In response, Plaintiff contends that his initial disclosure notified Defendant that Dr. Hirschfeld would testify regarding Plaintiff's future life care and the cost projected. *See* Pla.'s Resp. #47, 11. Moreover, Plaintiff highlights the fact that treatment is ongoing and Dr. Hirschfeld's report indicates that he needs additional information, namely Dr. Lemper's complete evaluation, before making a formal recommendation as to future medial care, treatment and costs. *See* Pla.'s Resp. #47, 53.

The Court finds that Plaintiff provided sufficient information in his expert witness disclosure of Dr. Hirschfeld as required by Rule 26(a)(2)(B). Plaintiff's initial disclosure put Defendant on notice of these topics. *See id.* Defendant underscores the fact that Dr. Hirschfeld's expert report does not include his opinion as to future life care and costs. However, this is not a fatal flaw because treatment is ongoing. In fact, Dr. Hirschfeld recommended that additional testing be completed to confirm diagnoses. Consequently, if Dr. Hirschfeld receives information that was previously unavailable regarding future life care and costs, then Plaintiff may be permitted to supplement pursuant to Rule 26(e). Although the Court does not condone preliminary expert reports to be completed later in an effort to circumvent the requirements of Rule 26(a)(2)(B), the Court is not convinced that Plaintiff has engaged in that conduct with respect to Dr. Hirshfeld.

Additionally, Defendant argues that Dr. Hirschfeld may not be an appropriate witness if he needs to rely on the input of another expert, Dr. Lemper, to prepare his opinion. The Court is not persuaded by this argument as it is more appropriately raised as an attack on Dr. Hirschfeld's credentials and credibility at trial rather than adequacy of the disclosure at issue. Accordingly, the Court will deny Defendant's request to limit Dr. Hirschfeld's testimony related to Plaintiff's future life care and projected costs at this time.

**2.     Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang**

Defendant requests an order striking the disclosure and precluding the testimony of Plaintiff's proposed experts Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang based on Plaintiff's failure to disclose the information required by Rule 26(a)(2)(B-C). Defendant asserts that no written report was provided for these physicians or a summary of facts or opinions to which they are expected to testify. Further, Defendant claims that Plaintiff used the same boilerplate statement for each witness disclosure, which fails to state what treatment each witness will testify on, what injuries the witness observed and will opine on, what medical treatments were necessary, what charges were incurred, and diagnoses given. *See* Def.'s Reply #52, 3-4. In contrast, Plaintiff asserts that these treating physicians are percipient witnesses that are exempt from the written report requirement of Rule 26(a)(2)(B) and a summary of the subject matter on which they are expected to testify was provided in the initial disclosures. *See* Pla.'s Resp. #47, 3. Plaintiff further argues that treatment records are sufficient to put Defendant on notice of the testimony these physicians intend to offer at trial.

The Court finds that the initial witness disclosure of Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang fails to comply with Rule 26(a)(2)(B). Plaintiff seeks to cure this failure by arguing that, in addition to being retained experts, these witnesses are treating physicians who do not have to make disclosures under Rule 26(a)(2)(B), but rather, can satisfy Rule 26(a)(2)(C). However, identification of the subject matter on which the witness is expected to testify is insufficient to comply with the summary of facts and opinions requirement of Rule 26(a)(2)(C). *See Carrillo v. B & J Enterprises, LLC*, 2013 WL 394207 (D. Nev. Jan. 29, 2013) (finding deficient Rule 26(a)(2)(C) disclosures warranted sanction of limiting witness testimony to opinions formed in the course of treatment).

Furthermore, the fact that Defendant has received medical records from these treating physicians does not cure Plaintiff's deficient Rule 26(a)(2)(C) disclosure. *See Schultz v. Ability Ins. Co.*, 2012 WL 5285777 (N.D. Iowa) (reference to medical records, without more, does not satisfy the disclosure requirement of Rule 26(a)(2)(C)); *Smith v. Barrow Neurological Institute*, 2012 WL 4359057 (D. Ariz.) (referring to medical records associated with a treating physician fails to meet

the requirements of Rule 26(a)(2)(C) and is grounds to strike experts); *Lopez v. Keeshan*, 2012 WL 2343415 (D. Neb.) (same); *Ballinger v. Casey's General Store, Inc.*, 2012 WL 1099823 (S.D. Ind.) (permitting a party to provide medical records in lieu of a summary "would invite a party to dump a litany of medical records on an opposing party" and is contrary to "summary" requirement of Rule 26(a)(2)(C)); *Davis v. GEO Group*, 2012 WL 882405 (D. Colo.) (medical records insufficient under Rule 26(a)(2)(C), but amended disclosure permitted in light of time remaining before trial); *Brown v. Providence Medical Center*, 2011 WL 4498824 (D. Neb.) (disclosure of medical records insufficient as "court will not place the burden on Defendants to sift through medical records in an attempt to figure out what each expert may testify to."); *Kristensen*, 2011 WL 5320686 ("Plaintiffs cannot comply with [Rule 26(a)(2)(C)] by disclosing the complete records of treating physicians in issue."). Here, in a manner inconsistent with Rule 26(a)(2)(C), Plaintiff attempts to assert that Defendant can sift through medical records in an attempt to figure out what testimony may be given by the identified physicians. The Court finds Plaintiff has failed to comply with the disclosure requirements of Rule 26(a)(2)(C) for proposed experts Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang.

**II.     Rule 37(c) Sanction**

Once it is determined, as here, that a party has failed to provide information required by Rule 26(a)(2)(C) or 26(e), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). Rule 37(c) "gives teeth" to the requirements of Rule 26(a) and Rule 26(e) so courts are given a particularly wide latitude to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (holding district court did not abuse its discretion in excluding testimony of defendant's only damages expert as a sanction). Generally, the exclusion penalty is "self-executing" and "automatic." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (noting Rule 37(c)(1)'s exclusion sanction provides a strong inducement for disclosure of material and affirming district court's preclusion of undisclosed damages evidence).

The party facing sanction has the burden of showing that any failure to disclose is

substantially justified or harmless. *See Yeti*, 259 F.3d at 1107.  The factors that may properly guide a court in determining whether a violation is substantially justified or harmless are: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence.  *Manneh v. Inverness Medical Innovations, Inc.*, 2010 WL 3212129, *2 (S.D. Cal. 2010) (finding failure to disclose certain documents and witness not harmless where opposing party was unable to prepare its defense in time for trial).

As has already been examined, the production of medical records is not sufficient to satisfy the disclosure requirements of Rule 26(a)(2)(C).  Also, Rule 26(e) does not create a "loophole" for a party who wishes to revise its initial disclosures to its advantage after the deadline has passed.  *Luke*, 323 Fed. Appx. At 500.  Indeed, supplementation means "correcting inaccuracies . . . based on information that was not available at the time of the initial disclosure." *Id.*  Thus, the Court concludes that Plaintiff has failed to comply with the disclosure requirements of Rule 26(a)(2)(C) proposed experts Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang.  The Court must now decide what sanction, if any, is appropriate under Rule 37(c).

Defendant contends that Plaintiff has no substantial justification for not complying with Rule 26(a)(2) as the requirements are clear and unambiguous.  Further, Defendant argues that Plaintiff's non-compliance is prejudicial, and therefore, not harmless, because of the discovery deadlines.  Defendant needs time to prepare for a meaningful cross-examination of these potential expert witnesses, decide which ones should be deposed, and obtain a rebuttal expert.  In response, Plaintiff argues that preclusion of these physicians would be would be a disproportionately severe sanction because the failure to disclose, if any, was harmless.  Plaintiff notes that Defendant has known of the identify of the proposed expert witnesses since April 2011 and Defendant's expert, Dr. Derek Duke, performed a record review of the medical records provided by these treating physicians in November 2011.

Although not substantially justified, the Court finds that, under the specific circumstances of this case, Plaintiff's failure to properly disclose under Rule 26(a)(2)(C) is harmless.  The five physicians were listed in Plaintiff's initial disclosure.  Defendant does not contend that the

disclosed treatment records were unreasonably voluminous.  Additionally, Defendant had sufficient time to review the records and for its expert to produce a report considering the treatment records.

Additionally, the motion is being decided before any depositions have taken place and prior to the close of discovery.  *See Bookhamer v. Sunbeam Products, Inc.*, 2012 WL 6000230 (N.D. Cal.).  Indeed, the Court has extended the discovery cutoff and rebuttal expert deadlines.  *See* Order #45.  Unlike in *Carrillo*, where the undersigned limited the proposed expert testimony to opinions formed in the course of treatment, depositions do not need to be conducted for a second time nor does discovery need to be reopened.  2013 WL 394207.  While Plaintiff should not be allowed to use his failure to comply with Rule 26 to his strategic advantage, the Court finds that the severe sanction requested, striking five proposed experts and precluding their testimony at trial, does violence to the disposition of this case on its merits and less drastic sanctions are available.  As a result, the Court declines to strike Plaintiff's disclosure of and testimony by Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang.  Nevertheless, the Court will require Plaintiff to provide disclosure of Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang in compliance with Rule 26(a)(2)(C) to Defendant within fourteen (14 days).

### A. Reasonable Costs and Attorneys Fees

Rule 37(c) provides that "[i]n addition to or instead of" precluding or limiting the use of information not provided or witnesses not identified in conformity with Rule 26(a) or (e), "the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c)(1)(A).  Plaintiff's failure to comply with the disclosure requirements of Rule 26(a)(2)(C) necessitated the foregoing motions.  Consequently, the Court invites Defendant to submit its motion for reasonable expenses, including attorney fees, caused by Plaintiff's failure.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant's Motion to Limit Proposed Testimony of Dr. Bruce Hirschfeld (#29) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Witness Disclosure and Exclude Proposed Testimony of Dr. Andrew Cash, Dr. Louis Mortillaro,

Dr. Brian Lemper, Dr. Russell Shah, and Dr. Nianjun (Sally) Tang (#30) **is denied in part and granted in part** as stated above.

**IT IS FURTHER ORDERED** that Plaintiff shall provide disclosure of Dr. Cash, Dr. Mortillaro, Dr. Lemper, Dr. Shah, and Dr. Tang in compliance with Rule 26(a)(2)(C) to Defendant within fourteen (14 days) of this Order.

**IT IS FURTHER ORDERED** that, if unable to reach an agreement with Plaintiff after meeting and conferring on the issue of costs and fees, Defendant shall submit its Motion/Application for Attorney's Fees in compliance with the requirements of Local Rule 54-16 by **June 12, 2013**. Failure to provide the information required by Local Rule 54-16(b-c) constitutes consent to denial of the motion. Plaintiff's Response shall be due by **June 19, 2013**.

DATED this 22nd day of May, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**