**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN FLONNES, ) | |
| Plaintiff, ) | Case No. 2:12-cv-01065-APG-CWH |
| vs. ) | **ORDER** |
| PROPERTY & CASUALTY INSURANCE ) COMPANY OF HARTFORD, ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff's Motion for Attorney Fees (#71), filed on June 12, 2013. The Court also considered Defendant's Response (#75) and Affidavit in Support of Response (#76), filed on July 1, 2013, and Plaintiff's Reply (#79), filed on July 10, 2013. In addition, this matter is also before the Court on Defendant's Motion for Attorney Fees (#77), filed on July 1, 2013. The Court also considered Defendant's Errata to Motion (#80), filed on July 12, 2013, and Plaintiff's Response (#84), filed on July 18, 2013.

**BACKGROUND**

This action arises out of a dispute over Plaintiff's entitlement to underinsured motorist benefits pursuant to his insurance policy issued by Defendant. On May 30, 2013, the Court held a hearing and granted Defendant's Motion to Exclude Proposed Expert Testimony (#25), granted Plaintiff's Motion to Compel (#28), and denied Defendant's Counter-Motion for Protective Order (#55). *See* Minutes of Proceeding #66.

Plaintiff requests $8,242.50 in attorneys fees in connection with Defendant's refusal to produce the claims file concerning Plaintiff's uninsured motorist's claim and claims adjusters for deposition. In opposition, Defendant contends that its position, that the claims file is irrelevant to a breach of contract claim, is substantially justified. Moreover, Defendant argues that an award of fees would be unjust given that this dispute required Court resolution and Defendant previously

agreed to a stipulation favorable to Plaintiff regarding its fee award in a prior discovery dispute.

Defendant requests fees in connection with Defendant's Motion to Exclude Proposed Expert Testimony (#25). It argues that Plaintiff disclosed a bad faith expert, Dennis Prince ("Prince"), despite the Court's dismissal of the bad faith claim, which required court intervention in the form of excluding Prince's testimony. Such behavior, Defendant contends, was done in bad faith and should be sanctioned in the form of attorneys fees. In opposition, Plaintiff asserts that he did not violate the Court's Scheduling Order and he did not disclose Prince in bad faith or to harass Defendant.

## DISCUSSION

### I. Plaintiff's Request for Fees (#71)

#### A. Sanctions Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Plaintiff contends that he made a good faith effort to obtain the claims file and allow for the depositions of the claims adjusters before filing the Motion to Compel at issue. For example, Plaintiff cites a meet and confer telephone conference and follow-up letter as evidence. *See* Pla.'s Reply #79, Exhs. 1-2. Additionally, Plaintiff argues that Defendant's opposition was not

1  substantially justified given case law in this District that information in a claims file is relevant and
2  discoverable on issues related to the insurer's decision to deny benefits and rationale under a breach
3  of contract claim. *See Henderson v. Property & Cas. Ins. Co. of Hartford*, 2012 WL 3730533 (D.
4  Nev. Aug. 28, 2012). Finally, Plaintiff alleges that an award of fees is not unjust given that the
5  request for Defendant's claims file is standard operating procedure in insurance claims cases and
6  Defendant's position has previously been rejected by this Court.
7        In response, Defendant argues that the parties agreed they had a good faith dispute that
8  required Court resolution. As a result, Defendant contends that its position was substantially
9  justified and it would be unjust to award fees. However, the Court is not persuaded by Defendant's
10 contention that merely because the parties each considered their position to be reasonable, then a
11 fee award should not be given. A party may consider its position to be reasonable, but not be
12 substantially justified as determined by the Court with reference to Rule 37. Defendant's position
13 that the claims file is relevant to the extra-contractual claims, which were dismissed, and not the
14 breach of contract claim is understood by the Court. However, like in the *Henderson* case, the
15 Court found it to be a position that was not justified, granted Plaintiff's Motion to Compel in its
16 entirety, and ordered that the claims file be produced. Moreover, the Court is not convinced that it
17 would be unjust to award fees to Plaintiff. Defendant contends that it stipulated to a fee award that
18 was favorable to Plaintiff in a prior discovery dispute and Plaintiff deliberately engaged in
19 gamesmanship by filing this request for fees that same day. The Court encourages the parties to
20 come to an agreement on fee disputes. However, this is not sufficient evidence to find that the fees
21 requested in this dispute are unjust. Accordingly, the Court finds that Defendant has not met its
22 burden to demonstrate that its conduct was substantially justified or an award of expenses would be
23 unjust.
24     **B.**    **Reasonableness of the Fee Request**
25       The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of
26 fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Courts typically follow a two-
27 step process. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must
28 calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation

and multiplying it by a reasonable hourly rate." *Id.* Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). Some of the relevant factors are: (1) the preclusion of other employment by the attorney due to acceptance of the case, (2) time limitations imposed by the client or the circumstances, (3) the amount involved and results obtained, (4) the undesirability of the case,[1] (5) the nature and length of the professional relationship with the client, and (6) awards in similar cases. *Id.* at n. 2 (*citing Hensley v. Eckerhart*, 461 U.S. 424 (1983)); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho,* 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). Determining the appropriate market rate is inherently difficult for a number of reasons. Traditional supply and demand principles do not ordinarily apply to prevailing market rates for lawyers. *Id.* The hourly rate of lawyers in private practice varies widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation, varies extensively. *Id.* Finally, the fee is usually discussed with the client and may be negotiated. *Id.*

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

Consequently, the fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.*  Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

Here, Plaintiff seeks a total of $8,242.50 in fees.  Affidavits from Plaintiff's Counsels indicates that $7,005.00 of the fees requested were incurred by Theodore Parker III ("Parker") who has been licensed since 1992 and bills at an hourly rate of $500.00.  In addition, $1,237.50 of the fees requested were incurred by Christopher Young ("Young") who has been licensed since 1994 in Texas and 2001 in Nevada, bills at an hourly rate of $275.00, and expended 4.5 hours on preparing and attending the hearing related to the instant motions.  Plaintiff failed to provide any evidence that the requested rates are in line with those prevailing in the community.  For example, Plaintiff failed to provide any affidavit of other attorneys or fee determinations in other cases.  Additionally, Plaintiff failed to cite the hourly rate for Parker in his Motion, although it was added in the Reply brief.  Therefore, the Court has insufficient evidence to find the hourly rates requested are reasonable for this forum.

### 2.     Reasonable Hours Expended

Furthermore, Court is faced with insufficient information regarding the hours expended to justify granting Plaintiff's request for fees.  Where documentation of hours is inadequate, the district court may reduce the award accordingly. *Hensley*, 461 U.S. at 433.  The court may exclude hours related to overstaffing, duplication, excessiveness, and otherwise unnecessary to the issue. *Id.*  Defendant argues that the entire fee request is excessive and Plaintiff's application is deficient.  Specifically, Defendant contends that Plaintiff does not identify who worked on the file, the amount of time spent, or evidence in support.  Also, Defendant alleges that Young's fees are redundant and unnecessary given Parker's request for fees, Young did not speak at the hearing, and the hearing considered an additional motion, which was decided in Defendant's favor.

The Court agrees that Plaintiff's application for fees is deficient.  Currently, the guidelines

for the content of fee applications are provided by Local Rule ("LR") 54-16, which directs the fee applicant to include information such as:

> (1) A reasonable itemization and description of the work performed;
> (2) An itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-15;
> (3) A brief summary of:
>   (A) The results obtained and the amount involved;
>   (B) The time and labor required;
>   (C) The novelty and difficulty of the questions involved;
>   (D) The skill requisite to perform the legal service properly;
>   (E) The preclusion of other employment by the attorney due to acceptance of the case;
>   (F) The customary fee;
>   (G) Whether the fee is fixed or contingent;
>   (H) The time limitations imposed by the client or the circumstances;
>   (I) The experience, reputation, and ability of the attorney(s);
>   (J) The undesirability of the case, if any;
>   (K) The nature and length of the professional relationship with the client;
>   (L) Awards in similar cases; and,

Plaintiff's application fails to include an itemization and description of the work performed. Moreover, it does not provide a summary of the time and labor expended by each individual involved on the case.[2] As a result, the Court is unable to determine whether the time spent was excessive or redundant without any evidence as to the time and labor expended by each individual requesting fees. Further, LR 54-16(d) states, "Failure to provide the information required by LR 54-16(b) and (c) in a motion for attorneys' fees constitutes a consent to the denial of the motion. Consequently, the Court will deny Plaintiff's Motion for Attorneys Fees.

**II.     Defendant's Request for Fees (#77)**

Defendant requests fees pursuant to Federal Rule of Civil Procedure 16(f). Rule 16(f) states, "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. Rule 16(f)(1)(C). Notably, Rule 16(f)(2) mirrors similar language as Rule 37 in that the court may not order an award of fees if the noncompliance was substantially justified or other circumstances make an award unjust. Further, Defendant requests fees under 28 U.S.C. §

---

[2] Parker notes that his hourly rate is $500.00, but an associate who bills at $350.00 per hour and law clerk who bills at $125.00 per hour also worked on this matter.

1927, which allows the Court to impose fees on an attorney who unreasonably multiplies proceedings. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 is "designed to discourage unnecessary delay in litigation by requiring attorneys . . to compensate personally other litigants who incur excess costs due to their misconduct." Georgene M. Vairo, Rule 11 Sanctions 765 (3d ed2003), citing *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 759–62 (Noting the importance of Section 1927 sanctions in that "lawyers who multiply legal proceedings [are] taxed with the extra 'costs' they generate."). Such sanctions must be based on a finding of subjective bad faith, which can be found when an attorney knowingly or recklessly raises a frivolous argument or raises an argument only to harass an opponent. *Pratt v. California*, 11 Fed. App'x 833, 835 (9th Cir. 2001); *see also United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). Finally, Defendant requests fees under the Court's inherent power to sanction attorneys who litigate in bad faith. *See Roadway Exp., Inc.*, 447 U.S. at 766.

  In support of its application, Defendant contends that Plaintiff's disclosure of Prince as an expert despite the dismissal of the extra-contractual claims was not substantially justified. Defendant argues that Plaintiff disclosed Prince prior to filing a motion for reconsideration of the dismissal of the extra-contractual claims, which wasted judicial resources and required Defendant to expend significant resources to strike Prince rather than disclose a rebuttal expert. Defendant alleges that Plaintiff's disclosure of Prince was an attempt to litigate claims that were dismissed and cited authority that was overruled by the Supreme Court in support of his unjustified position. *See* Def.'s Mot. #80, 6.

  In contrast, Plaintiff articulates two arguments against the imposition of sanctions in the form of attorneys fees. First, Plaintiff contends that the dispute over whether or not to exclude Prince's opinions was an evidentiary issue rather than a discovery dispute over scheduling deadlines, given that Prince was timely disclosed. Second, Plaintiff argues that he did not act in bad faith by disclosing Prince, given that the extra-contractual claims were dismissed without

prejudice and Prince's opinion may be needed in the future.

The Court is not persuaded that Defendant's request to submit a fee application is justified under any of the authority cited. First, the Court finds that Plaintiff timely disclosed Prince as an expert in accordance with its Scheduling Order (#16), which set the expert disclosure deadline for March 21, 2013. At the May 30, 2013 hearing on Defendant's Motion to Exclude Proposed Expert Testimony (#25), the Court carefully considered whether Prince's opinion would be necessary and whether he had the requisite expertise. Consequently, although Prince's opinion was excluded, the Court cannot find that Plaintiff's disclosure of Prince violated its scheduling order and therefore requires sanctions under Rule 16(f). Second, the Court is not convinced that Plaintiff acted in bad faith in disclosing Prince as an expert in order to justify Section 1927 or inherent authority sanctions. As previously mentioned, Plaintiff timely disclosed Prince on the expert disclosure deadline. The Court has since dismissed the extra-contractual claims without prejudice. *See* Order #73. It appears as though Plaintiff was preserving his opportunity to introduce expert testimony in the event that it was allowed. As a result, the Court is not persuaded that Plaintiff acted knowingly or recklessly in bad faith by raising a frivolous argument or to harass Defendant. Accordingly, Defendant's Motion for Attorneys Fees will be denied.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney Fees (#71) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Attorney Fees (#77) is **denied**.

DATED this 25th day of September, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**